Case: 13-5801    Document: 1-2    Filed: 06/13/2013    Page: 1

RECEIVED

JUN 13 2013

DEBORAH S. HUNT, Clerk

Case No. 13-_5801_

---

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

## PETITION FOR WRIT OF MANDAMUS

---

### In re: AMY JERRINE MISCHLER, Petitioner.

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Kentucky, Pikeville Division, Case No. 2013cv00008, The Honorable Amul R. Thapar, Judge Presiding, and to the United States District Court for the Eastern District of Kentucky, Frankfort Division, Case No. 2013cv00026, The Honorable Gregory F. Van Tatenhove, Judge Presiding and to the United States District Court for the Eastern District of Kentucky Chief Judge Karen K. Caldwell.

---

Amy Mischler
1120 Palm Court
Okeechobee, Florida 34974

(2 of 13)

Case: 13-5801    Document: 1-2    Filed: 06/13/2013    Page: 2

# Table of Contents

Table of Contents — ii

Citations/Cases — ii

<u>Bowling, et al. v. Haas</u>, Eastern District of Kentucky 3:07-cv-32-KKC — 4

<u>Brown v. University of Kentucky Cats Assessment, et al.</u>,
12-cv-123[EDKY] — 6

<u>Hoskins v. Maricle</u>, [KY 2004] — 1

<u>Neitzke V. Williams</u>, 490 U.S. 319 (1989) — 6

Rory K. Schneider, <u>Illiberal Construction of Pro Se Pleadings</u>,
Volume159, Issue 2, U.Pa.L.Rev.585(2011) — 1

USA v. Farmer. 13-cr-00006 — 1

USA v. Gallion, Cunningham, and Mills, 07-CR-39 — 1

USA v. Johnston, 12-cr-00102 — 2

USA v. Maricle, 09-16-S-DCR. — 1

28 U.S.C. § 1651(a) — 3

28 U.S.C. § 1915(e)(2)(B) — 6

Case: 13-5801    Document: 1-2    Filed: 06/13/2013    Page: 3

Introduction          1

Jurisdictional Statement      3

Relief Requested      3

Issues Presented      4

I.  The Eastern District of Kentucky delays motions by pro se litigants treating them differently than represented in forma pauperis litigants.    4

II.  Civil non-prisoner pro se in forma pauperis litigants are being treated as frivolous criminal pro se in forma pauperis litigants and Eastern District Federal Judges are summarily denying claims.    5

Conclusion      9

# INTRODUCTION

"Yet the myriad reasons why individuals choose to proceed pro se in civil suits show that they may not be foolish for doing so and certainly cannot be blamed for the decision, as it often results from their insolvency."[1]

Systemic dysfunction exists in the state courts of Kentucky, the Kentucky Bar Association, and the Kentucky Judicial Conduct Commission who are allowing state judges and attorneys to abuse the state court system to deny due process and protected constitutional rights of litigants with only a facial systems for 1st Amendment Redress of Grievances designed to whitewash the misconduct to protect Kentucky and Kentucky officials from civil liability.[2]

Further, this burden is shifted to the Federal Court System. Kentucky itself now relies wholly on Federal Prosecutors and federal law enforcement to prosecute state official misconduct against state court judges and state officials.[3]

---

[1] Rory K. Schneider, Illiberal Construction of Pro Se Pleadings, Volume159, Issue 2, U.Pa.L.Rev.585(2011). See footnote 42.

[2] Amy Mischler is an atypical pro se litigant. She has a bachelors of music education degree from Eastern Kentucky University [1991], masters of music education degree from Eastern Kentucky University [1993], and J.D. from the Appalachian School of Law [2005]. She was awarded scholarships for all of her degrees, and made Deans List at ASL. She has not sat for the bar for any state because of the ongoing character assassinations and denial of access to the courts in Kentucky where political favors have and are being expended to deny her parental and due process rights where her ex-husband, Jonah Lee Stevens is an attorney and has political contacts extending into the Kentucky Supreme Court, where it was reported to the Chamber of Commerce that Stevens was a law partner with Justice Will T. Scott.

[3] See 09-16-S-DCR, USA v. Maricle, 07-CR-39, USA v. Gallion, Cunningham, and Mills, 13-cr-00006, USA v. Richie Farmer. Irregularities concerning Maricle came out in Hoskins v. Maricle, [KY 2004] but no steps were taken by state authorities against Judge Maricle. It was a well-known fact among everyday citizens that Richie Farmer was abusing his office in Frankfort Kentucky, including being known by the Kentucky Attorney Generals Office. No steps were taken by the KY OAG to stop the ongoing crimes, of which Federal Prosecutors stepped in after Farmer left office. In regards to Gallion and Cunningham, there are allegations that the Kentucky Bar Association had within its possession evidence of conflicting testimony by witnesses against Gallion and Cunningham in their criminal case but did not provide it. Further complicating the matter is that there are allegations that the Kentucky Bar Association former employee Linda Gosnell husbands received some of the funds

1

Case: 13-5801   Document: 1-2   Filed: 06/13/2013   Page: 5

Private citizens find themselves either unable to hire an attorney due to insolvency or the simple fact that no attorney will take their case due to the public officials misconduct and the subsequent political backlash in the state courts challenging and exposing such misconduct. Thus, litigants such as Ms. Mischler find themselves having to obtain relief in the Federal Court already burdened with policing lawless Kentucky officials.

Private citizens seeking redress in the Eastern District of Kentucky as pro se non-prisoners in forma pauperis litigants are typically finding that their motions and pleadings are ignored for months on end and then summarily dismissed and denied in a single order. Further, the private citizens are being treated by the Eastern District Federal Courts as "prisoners" being required to fill out the same forms as prisoners. An informal policy has arose treating all in forma pauperis petitions as frivolous prisoner filings denying poor people the opportunity to have access to the federal courts in the Eastern District of Kentucky to enforce civil rights violations against Kentucky state officials.

---

from the phen fen case involving Gallion and Cunningham. If this wasn't enough controversy, attorney Angela Ford who sued Gallion and Cunningham concerning the phen fen case civilly, has allegedly given some of the phen fen funds to attorney Seth Johnson to hide, who then allegedly invested the money in a synthetic marijuana operation. See 12-cr-00102, USA v. Johnston. *While these are high profile cases, the entire Kentucky state court system is in systemic dysfunction especially in the family courts where there is no jury and some proceedings are closed to the public.*

2

Case: 13-5801   Document: 1-2   Filed: 06/13/2013   Page: 6

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this original petition for a writ of mandamus under the All Writs Act. 28 U.S.C. § 1651(a).

## RELIEF REQUESTED

Ms. Mischler is requesting mandamus relief against District Judge Amul Thapar to grant her in forma pauperis motion in 07:13-CV-8 filed on February 8, 2013 and to order her complaint, filed on 1/28/2013 to be served by the Clerk and the Federal Marshalls.[4]

Ms. Mischler is requesting mandamus relief against District Judge Amul Thapar to rule on her emergency motions filed in 07:13-CV-8 filed on February 28, 2013 and April 15, 2013.[5]

Ms. Mischler is requesting mandamus relief against District Judge Gregory F. VanTatenhove to grant her in forma pauperis motion in 13-CV-26 filed on May 13, 2013. Ms. Mischler filed a separate action BECAUSE there was, and is no ruling on her emergency motion in 07:13-CV-8 related to Defendant Clary's conduct.[6]

---

[4] This writ of mandamus is nothing personal against District Judge Amul Thapar, District Judge Gregory F. VanTatenhove or Chief Judge Karen K. Caldwell; it is addressing what appears to be an informal policy dismissing pro se in forma pauperis non-prisoner petitions in the Eastern District of Kentucky without regard to the factual basis and preempting such from occurring to Ms. Mischler, making her to have to do an unnecessary and time delaying appeal to the Sixth Circuit. The real issue ultimately the lawlessness in the Kentucky state courts and what can be done about it in the most efficient mannter.

[5] Before filing this writ, Ms. Mischler did contact the law clerk of Judge Amul Thapar to enquire when an order would be issued and was told "soon". This was weeks ago.

[6] Ms. Mischler has further grounds to amend her complaint in 13-CV-26. Please note, Ms. Mischler has documented date tampering by the Kentucky Supreme Court Clerk in the form of documents with different dates

3

(7 of 13)

Case: 13-5801   Document: 1-2   Filed: 06/13/2013   Page: 7

Ms. Mischler is requesting that mandamus relief against Chief Judge Karen K. Caldwell to do a report/survey from the past three years regarding non-prisoners pro se in forma pauperis litigants and the outcomes in the Eastern District of Kentucky. Further, for the Eastern Federal District of Kentucky to develop forms and make them available on their website for non-prisoner pro se in forma pauperis litigants. In addition, for the Eastern Federal District of Kentucky to create an outline for pro se in forma pauperis non-prisoner litigants to know when a forma pauperis motions will be timely approved, what to expect and for this to be made available on the website.

## ISSUES PRESENTED

### I. The Eastern District of Kentucky delays motions by pro se litigants treating them differently than represented in forma pauperis litigants.

In case 07-cv-32 in the Eastern District of Kentucky, notice of filing to proceed in forma pauperis was filed on May 22, 2007. The individuals, represented by legal counsel had their motions ruled upon on June 7, 2007 which is sixteen days later. See Bowling, et al. v. Haas, et al. U.S. District Court, Eastern District of Kentucky 3:07-cv-32-KKC.

---

stamps and recordings where the Clerk admitted that they changed the date of a pleading because Amy Mischler had evidence from the United States Postal Service that the document arrived and was intentionally stamped a day later by the Clerk so it would be "late". This conduct of the Kentucky Supreme Court Clerk which is outrageous on its face as the highest court in Kentucky; this is just a single example of the dysfunction within the Kentucky State courts.

4

In case 13-cv-8, Ms. Mischler filed a motion to proceed in forma pauperis on February 8, 2013. Today's date is June 11, 2013 and <u>one hundred and twelve days</u> later Ms. Mischler has yet to have ruling on her in forma pauperis motion.

In case 13-cv-26, Ms. Mischler filed a motion to proceed in forma pauperis on May 13, 2013. Todays date is June 11, 2013 and twenty nine days later Ms. Mischler has yet to have a ruling on her motion.

On its face, it appears that Ms. Mischler's motions to proceed are being treated differently than 07-cv-32 only because she is pro se and the in forma pauperis litigants in 07-cv-32 are represented by attorneys.[7]

Ms. Mischler also has emergency motions for relief that were filed on February 28, 2013 and April 15, 2013 in 13-cv-8. Ms. Mischler was specifically told that she could not have state court judges assigned to her state cases because she filed 13-cv-8. A recording was filed in the emergency motion of the phone call. Despite the retaliation and discrimination to be ongoing causing Ms. Mischler further harm since the filing of the motions; Ms. Mischler has not had a ruling on her emergency motions which have been filed for one hundred and twelve and fifty seven days respectively.

> <u>II.  Civil non-prisoner pro se in forma pauperis litigants are being treated as frivolous criminal pro se in forma pauperis litigants and Eastern District Federal Judges are summarily denying claims.</u>

---

[7] The obvious differences in the case concerning the judge assigned which is Chief Judge Karen K. Caldwell and the issue concerning the death penalty.

5

Case: 13-5801   Document: 1-2   Filed: 06/13/2013   Page: 9

First, non-prisoners pro se litigants are required to fill out the same forms as prisoners entitled EDKy 520 Complaint under §1983 or Bivens Action. **This form assumes that the pro se litigant are prisoners** asking for the prisoner number, place of present confinement, did you exhaust your prison remedies, are you a federal state or city prisoner; this form is demeaning and disheartening to pro se litigants who are not prisoners, who already feel abused by public officials.

Second, the standard for dismissing under 28 U.S.C. § 1915(e)(2)(B) is only if the pro se complaint is frivolous or malicious. Neitzke V. Williams, 490 U.S. 319 (1989). Kentucky Eastern District Judge Karl Forrester citing 28 U.S.C. § 1915(e)(2)(B), sua spontae dismissed in forma pauperis pro se litigant Anthony Brown's complaint in 12-123 EDKY on a **waived** defense of statute of limitations. Anthony Brown's complaint cannot be considered frivolous because he alleges Kentucky *"without a warrant, without jurisdiction, with due process, and without service of process through the Kentucky Secretary of State"* seized Brown's Florida resident children and held them hostage for a year in Kentucky foster care. See 13-5500, in the Sixth Circuit Court of Appeals.

The need for judicial economy is important. However, this appearance of a pattern to treat and dismiss pro se in forma pauperis complaints by private citizens not incarcerated as if the citizen was incarcerated and complaining about limited

Case: 13-5801    Document: 1-2    Filed: 06/13/2013    Page: 10

flavor selections of toothpaste in the commissary could be construed as an informal discrimination policy.[8]

While the District Court may dismiss pro se in forma civil suits summarily in a single motion without service to the Defendants; this causes **MORE WORK on the Sixth Circuit Court of Appeals** to deal with the appeals when the District Court dismisses valid legitimate complaints as if they were frivolous.

Further, the burdens upon pro se civil litigants in civil rights cases are already very heavy because such cases are difficult to litigate to get past various immunity defenses. Yet, should the District Court be inadvertently working on behalf of state officials violating civil rights under color of law by first ignoring the lawsuit and letting it sit for months, and then in a single swoop summarily dismiss all the claims without addressing the civil rights violation? Then causing the pro se litigant an additional hurdle of seeking relief in the Sixth Circuit because it appears that the Eastern District of Kentucky Federal Courts are per se, simply delaying then dismissing pro se in forma pauperis lawsuits?

Add in that Kentucky state courts are becoming clearly lawless and do not enforce the rule of law in its courts with public officials committing egregious civil rights violations under color of law but no actual redress is available at the state level; the Eastern District of Kentucky should adopt procedures and informa

---

[8] Not all prisoner lawsuits are frivolous. Some are very serious regarding lack of medical/dental care and civil rights violation. It is because of the overwhelming number of frivolous criminal complaints that the legitimate ones get loss in the glut.

7

pauperis policies concerning this to facilitate non-prisoner pro se in forma pauperis litigants.[9]

Wherefore, I am asking this Sixth Circuit to direct Chief Judge Karen K. Caldwell to do these items.  1) To do a survey of the last three years of the number of pro se in forma pauperis non-prisoner litigants and show how many, if any were approved in forma pauperis, were ordered served by the Eastern District of Kentucky, and the number that were summarily dismissed without being served.[10] This report should be made available to the Sixth Circuit and the public by being filed in this action.[11]  2) To create pro se in forma pauperis forms for non-prisoner litigants and make those forms available on the Eastern Kentucky District Federal Court website.  3) To create a timeline of how long a pro se in forma pauperis litigant should expect their in forma pauperis motion to be granted in the Eastern District of Kentucky and make that available on the website.[12]

---

[9] My claims **are not** fantastic claims of implanted computer chips being monitored by aliens who are terraforming the planet through genetically modified food who point microwave beams at my head to give me a headache; such claims are clearly frivolous on their face.  My documents show evidence that Kentucky officials no longer follow the rule of law and the state organizations that are supposed to give redress no longer function but to whitewash the allegations.

[10] I do not have the monetary resources to look through PACER to do such a survey.  However, I do believe that it is possible given my limited research that 100% of all in forma pauperis pro se complaints non-prisoners are denied in the Eastern District of Kentucky.

[11] I am not asserting that discrimination policy exists against in forma pauperis pro se non-prisoners litigants.  What I am asserting is that an informal policy of putting these type of complaints on the back-burner along with what I predict to be a surge in claims against Kentucky officials due to the rampant lawlessness has created a type of perfect storm conditions which necessitate a change in how these complaints are handled to ensure fairness to legitimate complaints by non-prisoners.

[12] The current pro se and in forma pauperis forms are not made available on the Eastern District of Kentucky website and requires contacting the Clerk of Court to send such forms by mail to the individual.  Thus, from the onset pro se in forma pauperis litigants are discouraged from asserting their rights in the Eastern District of Kentucky.

Case: 13-5801    Document: 1-2    Filed: 06/13/2013    Page: 12

## CONCLUSION

Judicial economy at both the district and appellate level requires that the District Court properly and timely assess and address pro se in forma pauperis non-prisoners complaints.  Recognizing that the growth in non-prisoner pro se in forma pauperis complaints will continue; it is appropriate to order the District Court to not only move forward with Ms. Mischler's complaints but to order the District Court to adopt policies for the timely administration of justice in the Eastern District of Kentucky for all litigants, even those who are economically poor.

WHEREFORE, Ms. Mischler prays that this writ will be granted in full and with all due speed.

Respectfully submitted,

Amy Mischler
1120 Palm Court
Okeechobee, Florida 34974

**Certificate of Service**

A copy of the foregoing was sent through the United States Postal Service to The Honorable Karen K. Caldwell , United States District Judge at US District Court, 101 Barr Street ,Lexington, KY 40507; to The Honorable Gregory Van Tatenhove, United States District Judge , US District Court , 330 W. Broadway , Frankfort, KY 40601; The Honorable Amul R. Thapar , United States District Judge , US District Court , 35 W. Fifth Street , Covington, KY 41011 on this the _11_ day of June 2013.

Amy Mischler

PLEASE PRESS FIRMLY

U.S. POSTAGE
PAID
OKEECHOBEE, FL
34972
JUN 11 13
AMOUNT
$5.60
00101302-06

1006    45202

# PRIORITY MAIL®

## UNITED STATES POSTAL SERVICE

Flat Rate Mailing Envelope

*Visit us at usps.com*

**INTERNATIONAL RESTRICTIONS APPLY:**

*Customs forms are required. Consult the International Mail Manual (IMM) at pe.usps.gov or ask a retail associate for details.*

From:/Expéditeur:

1120 Palm Court
Okeechobee Fl 34974

To:/Destinataire:

U.S. Sixth Circuit Court of Appeals
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati Ohio 45202

Country of Destination:/Pays de destination:

USPS TRACKING NUMBER

9505 5110 1302 3162 5444 63

PS00001000014

Please Recycle

EP14F November 2011 © U.S. Postal Service
This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service - November 2011+. All rights reserved.

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online